IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            No. CR 06-0151 WJ

JESUS MARIO COTA-MEDINA,

        Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT'S MOTION TO REDUCE SENTENCE

THIS MATTER comes before the Court upon Defendant Jesus Mario Cota-Medina's Motion to Reduce Sentence (**Doc. 39**), filed May 6, 2015. Having considered the parties' written arguments and the applicable law, the Court finds that Defendant's motion is not well-taken and is therefore **DISMISSED** for lack of jurisdiction.

### BACKGROUND

On November 20, 2006, Jesus Mario Cota-Medina ("Mr. Cota-Medina") was sentenced to 135 months imprisonment for the offense of possession with intent to distribute methamphetamine contrary to 21 U.S.C. § 841(b)(1)(B) (Count I). Mr. Cota-Medina was also sentenced to a consecutive sentence of 105 months for possession of a firearm during a drug trafficking offense (Count 2) for a total sentence of 240 months. The consecutive firearm sentence is not at issue in Defendant's Motion. The base offense level on Count I was level 32 pursuant to the then-applicable Guidelines, based on possession of approximately 64.215 grams

of methamphetamine (actual). With a 3 level reduction for acceptance of responsibility, the final Guidelines calculation for this Count was Level 29, Criminal History Category III, resulting in an advisory guideline range of 108-135 months. Mr. Cota-Medina's firearm conviction increased the sentencing range by 60 months to 168-195 months; however, the United States dismissed Counts III and IV, sparing Defendant a potential 360-month term of imprisonment and thus reducing his exposure to incarceration. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated that "20 years of imprisonment [was] the appropriate disposition of this case." Mr. Cota-Medina was sentenced to 240 months, or 20 years, of incarceration.

## DISCUSSION

Mr. Cota-Medina argues that Amendment 782 of the United States Sentencing Guidelines lowers the base offense level for the amount of methamphetamine in this case from offense level 32 to offense level 30. Pursuant to 18 U.S.C. § 3582(c)(2) and §1B1.10 USSG, a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission may, upon motion of the defendant, request the Court to reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable. Mr. Cota-Medina notes that the critical issue with respect to his Motion is whether the sentence was based on the sentencing Guidelines or on an agreed-upon sentence under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. A defendant who has stipulated to a sentence may be eligible for 18 U.S.C. § 3582 relief if the stipulation specifies a Guidelines range or makes clear that the agreed term is the Guideline sentence range. *See Freeman v. United States*, 131 S. Ct. 2685, 2697–98 (2011) (Sotomayor, J., concurring). Mr. Cota-Medina argues that the plea agreement in this case does not explain whether the stipulation was based upon the applicable Guidelines, and it seems clear that the

Court imposed a Guideline sentence with respect to Count I. Consequently, Mr. Cota-Medina argues that this Court has jurisdiction to reduce his sentence, and requests the Court to apply the offense level reduction and reduce the sentence imposed on Count I to 108 months.

The United States, in its Response (**Doc. 40**) filed on May 19, 2015, argues that eligibility for a sentencing reduction under an amended Guidelines range occurs only when the plea agreement is tied or linked to the recommended Guidelines sentence in express terms. *See Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring) (determining that a defendant is eligible for a sentence reduction if the Rule 11(c)(1)(C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment). Thus, the test for whether a stipulated sentence was "based on" the Guidelines is based upon the express use of the Guidelines in the plea agreement, not whether the stipulated term was within the advisory sentencing range. The United States argues that Mr. Cota-Medina concedes that the plea agreement does not explain whether the stipulation was based on the applicable Guidelines. If it is not clear what the parties' intent was based on the plea agreement, then the defendant is not eligible by law for further consideration. As the plea agreement is silent and omits mention of the Guidelines, the 20-year term in the plea agreement was not expressly based on the Drug Quantity Table, which means that a change to the Table does not change Mr. Cota-Medina's sentence.

The Court agrees with the United States that this Court does not have jurisdiction to consider a sentence reduction under § 3582(c). While the Court did impose a sentence within the Guideline range, the issue is whether the parties expressly intended to base the stipulation on the Sentencing Guidelines. The plea agreement itself does not use or employ the Guidelines sentencing range to establish the term of imprisonment and does not mention or reference the

Sentencing Guidelines. As the plea agreement is silent, the Court finds that the 20-year term in the plea agreement was not expressly based on the Drug Quantity Table, and thus, this Court does not have jurisdiction to consider a sentence reduction under § 3582(c).

Accordingly, for the reasons herein stated, the Court finds that Defendant's Motion to Reduce Sentence is not well-taken and is therefore **DISMISSED** for lack of jurisdiction.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE