# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal No. 1:06-00151-001 WJ

JESUS MARIO COTA-MEDINA,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S RENEWED MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

THIS MATTER is before the Court upon the Defendant's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), filed May 13, 2021 (Doc. 46) (the "Motion"). Having reviewed the parties' briefs and applicable law, the Court finds that the Motion is not well-taken and is therefore denied.

## BACKGROUND

On November 20, 2006, Defendant Jesus Mario Cota-Medina was sentenced to 135 months imprisonment for the offense of possession with intent to distribute methamphetamine contrary to 21 U.S.C. § 841(b)(1)(B) (Count I). Defendant was also sentenced to a consecutive sentence of 105 months for possession of a firearm during a drug trafficking offense (Count 2) for a total sentence of 240 months. The consecutive firearm sentence is not at issue in this Motion.

The base offense level on Count I was level 32 pursuant to the then-applicable Guideline range, based on possession of approximately 64.215 grams of methamphetamine (actual). With a 3-level reduction for acceptance of responsibility, the final Guideline calculation for this Count was Level 29, Criminal History Category III, resulting in an advisory guideline range of 108-135 months. Defendant's firearm conviction increased the sentencing range by 60 months to 168-195 months; however, the United States dismissed Counts III and IV, sparing Defendant a potential

360-month term of imprisonment, as calculated at the time of sentencing, and thus reducing his exposure to incarceration. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated that 20 years of imprisonment was the appropriate disposition of this case.

On November 20, 2006, Defendant was sentenced to 135 months imprisonment for possession with intent to distribute methamphetamine contrary to 21 U.S.C. 841(b)(1)(B) (Count 1) and to 105 months for possession of a firearm during a drug trafficking offense (Count 2) for a total sentence of 240 months, or 20 years. Before pronouncing the sentence, the Court noted it had reviewed the presentence report factual findings and considered the Guideline application, as well as the factors set forth in §§ 3553(a)(1)-(7). The Court also noted it accepted the plea agreement, which included a specific sentence of 240 months imprisonment, as it was satisfied the agreed-upon sentence departed for justifiable reasons.

If found eligible for resentencing in the wake of the retroactive amendment to §2D1.1, Defendant's base offense level would become 27, which when combined with a criminal history category of III, would result in a guideline imprisonment range of 87 to 108 months as to Count 1 and not less than 60 months as to Count 2, to run consecutively to Count 1, for a combined range of 147 to 168 months. Doc. 47 at 3. The Motion requests a reduced combined sentence of 213 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and *Hughes v. United States*, 138 S.Ct. 1765 (2018). If granted, this would render Defendant eligible for immediate release to an Immigration and Customs Enforcement detainer pursuant to an order for his deportation/removal from the United States. *Id*.

## LAW

On December 21, 2018, the First Step Act of 2018 was enacted into law. *See* 124 Stat. 2372. Section 404(b) of the First Step Act of 2018 provides that the court "may," upon motion of the defendant, "impose a reduced sentence." First Step Act of 2018, § 404(b) (Dec. 21, 2018).

2

Amendment 782 to the Sentencing Guidelines retroactively reduced by two levels the offense levels assigned to the drug quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §2D1.1.

In *Hughes v. United States,* the Supreme Court held that a defendant is eligible for relief if a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is "based on" the defendant's Guideline range "absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." 138 S. Ct. 1765, 1769 (2018). The Supreme Court found further that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is "based on" a Guideline range if the Guideline range was a relevant part of the framework the district court relied upon in imposing sentence. *Id*. at 1778 (holding that court's reliance on the Guidelines need not be expressed, as long as it was a "relevant part of the analytic framework").

## DISCUSSION

The Government argues that the Motion should be denied because § 3582 and the analysis in *Hughes* contemplates a "binding" relationship between a court's sentence, a Guideline range and a compatible and reasoned basis within the Guideline range. Because Defendant's plea agreement, totaling a 240-month sentence at the high end of the Guideline range, was accepted based on several charges against Defendant ultimately dropped by the Government, the Guideline range itself did not "artificially truncate and inhibit the airspace of the Court's sentencing wingspan." According to the Government, this means that the Sentencing Guideline range was not binding on the Court and accordingly Defendant is not eligible for review of relief. Doc. 48 at 2. Defendant responds that this logic would apply under *Freeman v. United States*, but notes that Justice Sotomayor's opinion in *Freeman* was overruled later by *Hughes*, which found consistent with *Koons* that a defendant will only be disqualified from seeking relief if the amended Guideline range played no relevant part in the judge's determination of the defendant's ultimate sentence.

3

*See United States v. Smith*, 896 F.3d 466, 471 (D.C. Cir. 2018) (citing *Koons v. United States*, 138 S.Ct. 1783, 1788 (2018)); *see also, generally, Hughes,* 138 S. Ct. 1765. Defendant further argues that because the Court sentenced Defendant to the high end of the Guideline range, it is obvious that the Guideline range was a relevant part of the district court's analytical framework.

The Court disagrees with the Government that a Guideline range must be "binding" on a court's sentencing decision to render a defendant eligible for review of release. Indeed, the language in *Hughes* demonstrates an intent by the Supreme Court to broaden the opportunity for relief under § 3582, and accordingly any *relevant* impact the Guideline range had on a court's sentencing decision may warrant consideration of a defendant's relief claim. Furthermore, as to Rule 11(c)(1)(C) plea agreements (also referred to as "Type-C" agreements) specifically, the Court in *Hughes* found that, "in the usual case[,] the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." 138 S. Ct. at 1770. Nothing present on the record demonstrates a need to deviate from this general rule, as the Court indeed noted its consideration of the Guideline range during sentencing and, as Defendant points out, the accepted plea for Count 1 was 135 months' imprisonment, the high-end of the Guideline range. Thus, at least partially, the Court incorporated the Guideline range into its decision during sentencing and Defendant is eligible for review of release under § 3582(c)(2).

This determination, however, does not mean that Amendment 782 to the Guidelines *warrants* release, and in fact, the Motion fails under the second part of the Court's inquiry. *See United States v. Lewis*, 398 F. Supp. 3d 945, 963 (D. N.M. 2019) (quoting First Step Act § 404(c) stating that "nothing in this Section shall be construed to require a court to reduce any sentence pursuant to this section"). Under *Hughes*, "[t]he [District Court] can consider the benefits the defendant gained by entering a Type-C agreement when it decides whether a reduction is

appropriate (or when it determines the extent of any reduction), 'for the statute permits but does not require the court to reduce a sentence.'" 138 S. Ct. at 1777. "If the [District Court] concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then [it] retains discretion to deny relief," *id*. at 1778, and the district court may also "consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors." *Dillon v. United States*, 560 U.S. 817, 818 (2010); *see also Hughes*, 138 S. Ct. at 1777 (even if a defendant is eligible for relief, before a district court grants a reduction it must consider applicable §3553(a) factors and applicable policy statements).

Here, the Government contends that the original sentence is fair and reasonable given the considerable benefits Defendant received and the charges that were dismissed pursuant to the Rule 11(c)(1)(C) plea agreement. The Court agrees. Under the plea agreement, the Government dismissed one count of maintaining an establishment for distribution of controlled substance in violation of 21 U.S.C. § 856, which carried a 20-year statutory minimum. *See* PSR at 14. The Government also dismissed one count of possessing a firearm in furtherance of a drug trafficking crime (as to Count 3) in violation of 18 U.S.C. § 924(c)(1)(C)(i), which carried a 25-year statutory minimum.[1] *See id*. Defendant lessened his sentencing exposure significantly by entering into the plea agreement. *See Hughes,* 138 S.Ct. at 1777 (finding that a district court can consider the

---

[1] The Defendant argues that under *United State v. Rentz*, the indictment charging Defendant with two violations of Section 924(c) was improper. *See* 777 F.3d 1105 (10th Cir. 2015). Defendant is correct that the Tenth Circuit sensibly found that a duplicative charge under §924 for possessing a firearm in furtherance of a single crime was improper, and accordingly, the initial indictment in this matter was improper under subsequent law. However, this error does not undermine the Court's reasoning for two reasons. First, the Court is unable to find any law suggesting that a court must retroactively abrogate an inmate's sentence given the 2015 findings in *Rent*, particularly in a situation such as this where a defendant was not actually charged with the erroneous second violation of §924. Second, Defendant still benefitted significantly from the plea agreement. Namely, the Government dropped Count 3, which carries a term of imprisonment up to 20 years. *See* 21 U.S.C.S. § 856(b). If Count 3 was not dropped by the Government, Defendant could have been sentenced to 10 to 65 years imprisonment. The PSR does not opine as to the Guideline range for Count 3, but given the terms of the plea offered and the legal environment during which the plea was offered, Defendant avoided significant sentencing exposure. Furthermore, as discussed below, the relevant factors set forth in §3553(a), as analyzed both at the time of sentencing and now, convince the Court that the agreed-upon sentence was fair and reasonable and that relief is not warranted.

benefits a defendant gained by entering a Rule 11(c)(1)(C) plea when deciding whether reduction is appropriate).

The Government also argues that an analysis of the relevant §3553(a) factors cautions against a reduction in sentence. The Court agrees, and specifically sets forth its analysis of factors (1) and (2) of §3553(a)[2] here, as they are most relevant to the Court's inquiry. As to (1), the United States Probation Office has noted the following: during Defendant's incarceration, Defendant was found in possession of an unauthorized item for which he was sanctioned a loss of his job for 90 days. Doc. 47 at 3. Otherwise, Defendant's incarceration has been seemingly uneventful. He has worked in food service, UNICOR production, as a laundry machine operator, and as an orderly, and earned his GED on May 1, 2013. *Id*. Aside from the one instance of possessing contraband, Defendant's prison conduct does not weigh against release. However, an inmate's behavior while incarcerated is not the only element in factor (1). Of equal importance is the nature of an inmate's offense and his history. According to the PSR, Defendant is an illegal alien with a history of drug possession and lying to police officers. *See id*. at 7-10. He was deported to Mexico in 2002, but was arrested again in the United States just a few days later on drug-related charges, and continued to commit crimes in the United States regularly until his eventual arrest for the subject conduct. *Id.* at 9, 7. Cumulatively, Defendant's history and characteristics weigh heavily against relief.

---

[2] The entire list of §3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence[s] and the sentencing range established for [the offense] . . . (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

With regard to (2), as discussed in some detail above, Defendant was given a very generous plea offer which reduced his sentence exposure significantly. Indeed, absent the plea agreement, the Court would likely have sentenced Defendant to the same or a higher sentence than the one ultimately imposed pursuant to the plea agreement. *See* 138 S. Ct. at 1778 (finding that a district court may deny relief if it would have issued the same sentence regardless of the Guideline range). In light of the benefits already granted under the 11(c)(1)(C) plea agreement, namely the dismissal of one serious drug trafficking charge, any further reductions in Defendant's sentence would undermine criminal deterrence and respect for the law, two elements under §3553(a) which are fundamental to the proper functioning of our legal and law enforcement system. The relevant §3553(a) factors strongly caution against granting the Motion.

## CONCLUSION

Though Defendant may be *eligible* for a review of relief under 18 U.S.C. § 3582(c)(2), the factual circumstances surrounding the underlying crime and the 11(c)(1)(C) plea agreement do not warrant relief at this time. For these reasons, and those set forth in this Memorandum Opinion and Order, the Court hereby **DENIES** the Motion.

**IT IS SO ORDERED.**

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE